T.C. Summary Opinion 2001-63


UNITED STATES TAX COURT


ELLIOT VIRGIL WILKERSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 429-00S, 3379-00S.        Filed April 30, 2001.


Elliot Virgil Wilkerson, pro se.

Robert W. West, for respondent.


COUVILLION, Special Trial Judge: These consolidated cases were heard pursuant to section 7463 in effect when the petitions were filed.[1] The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the years at issue.

Respondent determined deficiencies of $714 and $8,804 in petitioner's Federal income taxes for 1997 and 1998, respectively.

The sole issue for decision is whether, by virtue of an agreement between petitioner's employer and the labor union of which petitioner was a member, the compensation paid to petitioner for the 2 years at issue is excludable from income under section 61(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petitions were filed was Dothan, Alabama.

During the years at issue, petitioner was an equipment operator for Great Northern Nekoosa Corp., a subsidiary of Georgia Pacific Corp. (the company) at a wood-chipping mill known as the Cedar Springs operation. Petitioner began his work with the company in 1978. He was a member of Local 1703 of the United Paperworkers International Union, AFL-CIO (the union). There was a collective bargaining agreement between the company and the union.

Sometime prior to the years at issue, the company made plans to construct a new mill at Cedar Springs and considered having the new mill operated by contract employees who would not be members of the union. As expected, the union vehemently opposed

such plans; however, after several conferences and meetings between the union and the company, an agreement was reached that would allow union workers to operate the new mill. A memorandum of understanding (the memorandum) was entered into between the company and the two unions that represented the employees. In the memorandum, the employees agreed that there would be "no grievances, arbitrations, NLRB charges, or any other litigation surrounding the new longwood chipping operations." This provision represented a forfeiture of rights that the employees had in the collective bargaining agreement. The new mill, accordingly, was staffed by the company's union employees, including petitioner. For the 2 years at issue, petitioner's employment was at the new mill and was subject to the terms of the memorandum.

For the year 1997, petitioner's wages with the company were $60,300, and, for 1998, his wages were $60,461. On his Federal income tax return for 1997, petitioner included the $60,300 as income; however, he later filed an amended return for 1997 in which he excluded from income the $60,300 in wages he earned with the company. On his Federal income tax return for 1998, petitioner did not include as income any wage or salary income, including the $60,461 paid to him by the company.

Petitioner's 1997 amended return was not processed by the Internal Revenue Service as a return but was instead treated as a claim for refund, which was disallowed.

In the notice of deficiency for 1998, respondent determined that the $60,461 petitioner earned from the company during 1998 constituted salary or wage income. In the notice of deficiency for 1997, respondent determined that petitioner failed to include in income a State income tax refund of $2,540 petitioner received that year.

Petitioner conceded the State income tax refund for 1997 but contends he made an overpayment of taxes for 1997 because of his inclusion of the wages he received from the company that year. For 1998, petitioner contends the wages he received that year from the company are not includable in gross income.

Petitioner contends that, because he and the other employees of the company forfeited certain rights they otherwise possessed as employees under the collective bargaining agreement, they were reduced to what he referred to as "nonentities", and, as such, their income is not taxable. Petitioner argues that he and his fellow employees were reduced to a status "less than all other taxpayers" and, therefore, should not be liable for Federal income taxes.

Petitioner cited no authority for his position, and, indeed, there is no such authority to support his position.

Section 61 provides that gross income includes "all income from whatever source derived," unless otherwise provided. The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983), revg. 79 T.C. 398 (1982) (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation). Moreover, section 1.61-2(a)(1), Income Tax Regs., provides that "wages, salaries, commissions paid salesmen * * * are income to the recipients unless excluded by law".

The amounts petitioner received from his employer represented payments for his services. Those amounts represented compensation for services rendered. Those amounts are includable in gross income. Whatever rights petitioner surrendered or forfeited in his employment relationship with the company have no bearing on the tax consequences of the amounts paid to petitioner for his services. Petitioner's argument, therefore, is rejected, and respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decisions will be entered</u>

<u>for respondent.</u>